**STATE of Missouri, Respondent,**

v.

**David W. ALCORN, Appellant.**

**No. ED 84946.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 27, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 2006.

Application for Transfer Denied April 11, 2006.

Richard K. Kuntze, Cape Girardeau, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J., NANNETTE A. BAKER, J., and KENNETH M. ROMINES, J.

## *ORDER*

PER CURIAM.

David W. Alcorn ("Defendant") appeals from a judgment entered after a trial court found him guilty of second degree domestic assault and second degree property damage. The trial court sentenced him to three years imprisonment for second degree domestic assault and sixty days imprisonment for second degree property damage. The sentences were ordered to be served concurrently.

In his sole point on appeal, Defendant claims that the trial court erred in not advising Defendant about the letter Angela Alcorn ("Angela"), Defendant's ex-wife, sent to Judge Hiesserer before Defendant's trial that Judge Heisserer presided over. Defendant argues that because he did not know of the letter, the trial court denied him the ability to consider or seek the recusal of Judge Hiesserer. We find no error and affirm.[1]

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

---

1. This court has reviewed the Defendant's    Motion for Leave to Supplement the Legal

We affirm the judgment pursuant to Rule 30.25(b).

File taken with this case and considered arguments of counsel. Defendant, in his motion, sought to supplement the legal file with the affidavits of Charles P. Hutson and Debbie Cato and the letter Angela addressed to Judge Heisserer, the judge presiding over Defendant's trial. During oral arguments on November 30, 2005, the State conceded that Angela's letter was part of the court file, but argued that the affidavits were not part of the court file. We agree. Therefore, we grant Defendant's motion in part, allowing him to supplement the court file with the letter, but not allowing him to supplement the court file with the affidavits.